United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAYSON JOSE VARONA BENITEZ,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-03251** |
| | § | |
| **RANDY TATE, *et al.*,** | § | |
| | § | |
| ***Respondents*.** | § | |

**ORDER**

Before the Court is Petitioner's Motion for Protection of Rights (ECF No. 15). Petitioner seeks relief from his final removal order to Mexico. For the reasons that follow, the Motion is **DENIED**. The Clerk of Court is directed to administratively close this case, since the Court has ruled on all of Petitioner's claims for relief. Petitioner may appeal this Court's decision to the Fifth Circuit Court of Appeals, if he so wishes.

There is a final order of removal against Petitioner. While Plaintiff alleges for the first time that he has a fear of removal to Mexico in his Motion, the Court already considered whether Plaintiff was entitled to a stay of removal pending evaluation of a credible fear or asylum claim. At the hearing on May 26, 2026, the Court questioned Petitioner extensively about whether he has a fear of being returned to Mexico. Petitioner stated multiple times on the record that he does not have a fear of being returned to Mexico—instead, he expressed that he does not want to go to Mexico because he has no connection to that country. *See* Minute Entry of May 26, 2026. Petitioner added that he would prefer to be removed to his home country of Cuba, despite his fear of political persecution there. However, third-country removals are permissible, and the Court has no jurisdiction to vacate or stay a lawfully imposed third-country removal order.

Therefore, Petitioner's Motion for Protection of Rights must be denied.

The Court reiterates that a person subject to a final order of removal—*including an order for removal to a third country, even if the petitioner does not wish to be removed to that country*—is required to comply with removal efforts. *See* 8 U.S.C. § 1253(a)(1) ("Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 1227(a) of this title, who (A) willfully fails or refuses to depart from the United States . . . (C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or (D) willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order, shall be fined under title 18, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 1227(a) of this title), or both.").

The Clerk is directed to mail a copy of this order to Petitioner at the following address: Dayson Jose Varona Benitez, Montgomery Processing Center, 806 Hilbig Rd, Conroe, TX 77301.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 3rd of August, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE